UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES GRANTHAM,

        Plaintiff,                     Case No. 1:22-cv-59

v.                                     Honorable Ray Kent

JOHN SEXTON et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id*. at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Allegan County Jail in Allegan, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Lieutenant Charity Cummins, Sergeants John Sexton and Jeff LaBrie, and Correctional Officers Cory Dine and Alex Madejczyk.

Plaintiff alleges that on January 10, 2022, he was arraigned on a charge of assault and battery and waived his right to counsel at his arraignment. (ECF No. 1, PageID.3.) Allegan County

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th ___, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

District Court records indicate that Plaintiff's criminal proceedings in this matter are ongoing. *See* https://micourt.courts.michigan.gov/case-search/court/D57 (search James Grantham, select Case ID 2022-220083SM-SM, visited Feb. 16, 2022).

Plaintiff immediately notified the administration at the Allegan County Jail that he was asserting his Sixth Amendment right of self-representation and requested access to a functional law library or staff assistance in gathering legal materials. (ECF No. 1, PageID.3.) Plaintiff advised them that his next court date after his arraignment was January 28, 2022, and that he wished to conduct legal research to file several motions before that hearing. (*Id.*) Plaintiff has repeatedly told staff that he has neither counsel nor standby counsel, and avers that despite that, staff keep insisting that he must obtain all legal materials through court-appointed counsel. (*Id.*) Plaintiff claims that staff have also refused to make him copies of legal documents, including copies of the complaint he submitted in this matter. (*Id.*) Plaintiff contends that Defendant Cummins is the jail administrator who has enforced a policy that no detainee can represent himself and have access to a law library, legal research, and other materials. (*Id.*, PageID.4.) He alleges that Defendants Sexton, Dine, Madejczyk, and LaBrie have repeatedly denied his requests for legal materials. (*Id.*)

Plaintiff seeks injunctive relief in the form of provision of a functional law library, legal research, writing materials, and copies. (*Id.*, PageID.5.) He also seeks compensatory and punitive damages. (*Id.*)

## II. Failure To State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff avers that Defendants have violated his First Amendment right to access the courts by refusing to provide him with a functional law library or other legal assistance so that he may prepare his criminal defense. It is well established that prisoners have a constitutional right

of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824–25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous

6

claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Plaintiff contends that he is entitled to a functional law library to pursue his defense in his criminal prosecution. He also suggests that he is entitled to such resources to pursue a civil rights claim—specifically, the claim he raises herein. Plaintiff, however, is not entitled to a law library or resources to defend against his present criminal prosecution. The state satisfies its obligation to provide a criminal defendant access to the courts by providing appointed counsel in a criminal proceeding. Where a criminal defendant chooses to reject appointed counsel, it is likely to impair meaningful access to the courts; however, that is simply one of the rights he gives up when he knowingly and intelligently waives his right to counsel. *See United States v. Smith*, 907 F.2d 42, 44–45 (6th Cir. 1990) ("We find that by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library."); *see also United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) ("'[T]he state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves[.]'"); *McBee v. Campbell Cnty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *3 (6th Cir. Mar. 15, 2018) ("A pretrial detainee voluntarily proceeding in a criminal case pro se is not constitutionally entitled to access to a law library."). The Supreme Court has acknowledged a circuit split on this issue, *Kane v. Garcia*

*Espitia*, 546 U.S. 9, 10 (2005); nevertheless, the Sixth Circuit's position is clear and binds this Court. Therefore, Plaintiff has failed to state a claim for denial of access to the courts by virtue of Defendants' failure to give him law library time or resources to work on his criminal defense.

Plaintiff is entitled to access the courts to raise claims under 42 U.S.C. § 1983, but he has not alleged any lost remedy. Indeed, he is pursuing a remedy for alleged constitutional violations in this lawsuit—he has successfully accessed the courts to raise his claims; therefore, he has not "lost" anything by Defendants' failure to provide him access to a library or other resources. Moreover, his principal claim is meritless on its face because he is not entitled to law library time or state resources to pursue his criminal defense beyond the state's offer to appoint him counsel, an offer he has refused. Accordingly, Plaintiff has failed to state a claim for denial of access to the courts.

Plaintiff also suggests that Defendants have refused to provide him free copies of various materials, such as the instant complaint and other documents. (ECF No. 1, PageID.3.) The Sixth Circuit, however, has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery. *See*, *e.g.*, *Courtemanche v. Gregels*, 79 F. App'x 115 ,117 (6th Cir. 2003) (noting that "the right of access does not include a per se right to photocopies in whatever amount a prisoner requests"); *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. March 28, 1994) (indicating that "the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. March 31, 1993) (concluding that "the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 (noting that "a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992);

8

*Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery"), *cert. denied*, 494 U.S. 1006 (1990); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines"). Furthermore, Plaintiff fails to allege any actual injury from the alleged failure to provide him copies. In the absence of actual injury, Plaintiff fails to state a claim of constitutional significance.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   March 14, 2022                    /s/ Ray Kent
                                                                             Ray Kent
                                                                             United States Magistrate Judge